UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,<br><br>Defendants. | Case No. CR05-5828FDB<br><br>ORDER DENYING MOTION TO REASSIGN CASE TO SEATTLE COURTHOUSE |

Defendant Waters moves to have this Court reassign this case to Seattle arguing that the arson charged against Waters occurred at the University of Washington in Seattle, that Waters will be the only defendant going to trial, and that Seattle is more convenient for the parties and the witnesses. Additionally Waters argues that the Government has engaged in forum shopping analogous to that in *United States v. Pearson*, 203 F.3d 1243 (10th Cir. 2000), and that such conduct violates Waters' due process rights under the 5th Amendment to the United States Constitution. Defendant also moves that the Court defer consideration of other motions until it rules on this motion to reassign, and the Government states that it has no objection to deciding this motion first.

The parties basically agree with the indictment history in this case, which began with the

ORDER - 1

November 23, 2005 indictment against Kevin Tubbs wherein the 1998 Olympia arson was charged. Subsequent indictments of William Rodgers and Josephine S. Overaker also charged involvement in the Olympia arson.  Defendant Waters was charged in a separate indictment regarding the 2001 arson at the Center for Urban Horticulture at the University of Washington in Seattle.

The 2nd Superseding Indictment was filed alleging conspiracy involving all the arsons that had occurred between 1996 and 2001 and included the Olympia and Seattle arsons.  Having to select a case in which to add the conspiracy charge, the Government contends that it followed its established procedures and brought this additional charge in the first-filed case, which was that filed against Defendant Tubbs (CR05-5828FDB).    The Court finds nothing nefarious nor procedurally problematic with the Government's conduct in bringing the indictments leading to the 3rd Superseding Indictment of September 28, 2006, which added Defendant Dibee.

The conspiracy allegations assert that the conspiracy was centered in Olympia; Defendant Rogers (deceased), described as the leader of the conspiracy, lived in Olympia; Waters lived in Olympia; and Rogers, Waters, and others actively conspired in Olympia where planning meetings were held.  While it is alleged that Waters and her co-defendants drove to Seattle to commit the arson at the Horticulture Center, the Court agrees that the "center of gravity" of the charges against Waters are in Olympia.

The Court also takes note of the fact that Defendants Overaker, Solondz, and Dibee are fugitives charged with crimes in Olympia (Overaker); Eastern District of Washington, Oregon, and California (Solondz); and activity in Washington related to a California arson (Dibee).  Consideration of the allegations against these defendants does not mandate a transfer to Seattle.

The *Pearson* case, cited by Waters, acknowledges that "most federal courts that have addressed the issue of prosecutorial involvement in judicial assignments have not found due process violations."   203 F.3d 1243.  Moreover, in order to show a due process violation, a defendant must show actual prejudice.  *See, E.G. United States v. Gallo*, 763 F.2d 1504, 1532 (6th Cir. 1985).  The

ORDER - 2

procedural history of this case does not mandate that this case be transferred to Seattle. On the contrary, the case was appropriately filed in Tacoma. Defendant Waters' argument that judges are not "fungible"; that "choosing" one judge over another, or one jury pool over another, is an abuse of the judicial system that undermines public confidence, and threatens the judiciary's independence seems more likely to indicate a desire by Waters to have a forum she perceives as more tactically advantageous to her. The Court is persuaded that neither concepts of fairness nor due process require that this case be transferred to Seattle.

ACCORDINGLY, IT IS ORDERED:

(1) Defendant Waters' Amended Motion To Defer Consideration of Other Motions [Dkt. # 79] is GRANTED as unopposed;

(2) Defendant Waters' Motion To Reassign Case To Seattle Courthouse [Dkt. # 76] is DENIED.

DATED this 7th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3