UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KEVIN TUBBS, JOSEPH DIBEE, JOSEPHINE S. OVERAKER, JUSTIN SOLONDZ, and BRIANA WATERS,

    Defendants.

Case No. CR05-5828FDB

ORDER RE WATERS' MOTIONS AT DOCKET NOS. 81 – 90

The Court, having read and considered ten motions (Dkt. Nos. 81 – 90) brought by Defendant Briana Waters, including the responses and replies, now rules on these motions as follows:

**Dkt. 81** – <u>Defendant's Motion To Dismiss for Lack of Jurisdiction and Because Arson of A Building Owned By A Sovereign Entity Is Not A Crime of Violence.</u>

Denied.  This motion lacks merit because arson is a crime of violence (requires a defendant to act "maliciously," that is, "intentionally or with willful disregard" ) and because the crime of violence must be directed <u>not at the perpetrator or the perpetrator's property</u>, but at another person or property of another (whether an individual or private or government entity).

**Dkt. 82** – <u>Motion To Dismiss Count 6, 18 U.S.C. §924, Cruel and Unusual Punishment</u>

Denied as premature.  The parties agree that consideration of the proportionality issue (seriousness of the crime compared with the sentence) is premature.  Motion may be raised later, if appropriate.

ORDER - 1

**Dkt. 83** – <u>Motion for Unrestricted Access To Computer Evidence</u>

Denied. The Government is precluded by the Walsh Act from copying and providing to a defendant in a criminal case material that contains child pornography provided that the Government provides "ample opportunity for Defendant's counsel's or expert's inspection of the material at a Government facility. The Government has offered to make the material available to Defendant for as long as and in the depth necessary at a Government facility (a computer laboratory in Portland or Seattle).

**Dkt. 84** – <u>Defendant Waters' Preliminary Conspiracy Motions</u>

Admissibility of co-conspirator statements will be determined at the Pretrial Conference, when the Government will have identified all the statements for which it intends to seek admission. The matters that are the subject of this motion are thus deferred until the Pretrial Conference.

**Dkt. 85** – <u>Motion for Suppression of Evidence, Dismissal of the Indictment, and Discovery of Grand Jury Materials</u>

Denied. Neither dismissal of the indictment, nor suppression of evidence gathered pursuant to grand jury subpoenas, nor discovery of certain grand jury discussions with the Government are appropriate, because a Fourth Superseding Indictment has issued, and there is neither a showing of "particularized proof" of abuse of the grand jury system nor a showing of "particularized need."

**Dkt. 86** – *<u>Motion To Dismiss Count 1 Because of Duplicity</u>*

Denied. Only one conspiracy has been charged in Count I. The Government has alleged in Count 1 a single scheme to advance the causes of environmental protection and animal rights by targeting for arson with destructive devices, targets that were believed to harm the environment or animals. The overt acts, including the arson for which Briana Waters is charged, were alleged to be in furtherance of the conspiracy's goals.

**Dkt. 87 –** *<u>Motion To Bar Unreliable Purchased Testimony</u>*

Denied. Under Ninth Circuit law as well as that of other circuits, the Government may enter

ORDER - 2

into plea bargains that include promises of leniency, and promises of leniency for testifying witnesses do not violate the Federal bribery statute.  Cross-examination is one means to attempt to reveal suspected false testimony.

**Dkt. 88** – <u>*Motion To Dismiss Count One For Violation of The Statute of Limitations*</u>

Denied.  Part of the conspiracy alleged herein, including the arson charged against Waters (May 20 ,21, 2001) continued into the five-year period preceding the indictment [Second Superseding Indictment returned May 11, 2006].

**Dkt. 89** – <u>*Motion To Declare 28 U.S.C. §1865 [juror qualifications] Unconstitutional*</u>

Denied.  The exclusions aid in obtaining an impartial jury that understands what is going on, and have consistently been held as justified.  (This motion was renewed August 9, 2007, Dkt. # 161 as to the Fourth Superseding Indictment, Dkt. # 141).

**Dkt. 90** – <u>*Motion to Dismiss Counts 5 & 6 Based upon The Commerce Clause And The Tenth Amendment*</u>

Denied.  Defendant Waters' motion is without merit, as the statutes at issue have as an element an interstate commerce connection.  The Government has made a sufficient preliminary showing to deny Water's motion at this stage.  The matter is for the finder of fact after a full presentation of evidence at trial.

NOW, THEREFORE, IT IS ORDERED:

As discussed above, Defendant Waters' Motions at Docket Nos. 81, 82, 83, 85, 86, 87, 88, 89, and 90 are DENIED; Waters' Motion at Docket No. 84 related to admissibility of co-conspirator statements is DEFERRED until the Pretrial Conference.

DATED this 7th day of September, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3